

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

| | |
|---|---:|
| *401 Market Street, 4th Floor* | *856-757-5026* |
| *Camden, New Jersey 08101* | |

January 18, 2023

Mary E. Toscano, Esq.
SILLS CUMMIS & GROSS P.C.
The Legal Center
One Riverfront Plaza
Newark, New Jersey 07102

CR. 1:22-00035-002 (RBK)

Re: <u>Plea Agreement with Saurabh Patel</u>

Dear Ms. Toscano:

This letter sets forth the plea agreement between your client, Saurabh Patel ("Patel"), and the U.S. Attorney's Office for the District of New Jersey ("this Office"). This offer will expire on **February 8, 2023** if it is not accepted in writing by that date. If Patel does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charge</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from Patel to a One-Count Superseding Information, which charges Patel with, from in or about June 2015 to in or about May 2017, knowingly and willfully conspiring to defraud a health care benefit program, contrary to Title 18, United States Code, Section 1347, and in violation of Title 18, United States Code, Section 1349. If Patel enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all the terms of this agreement, this Office will not initiate further criminal charges against him for the unlawful execution, promotion, or filling of compound medication prescriptions during the same time period. In addition, if Patel fully complies with all of the terms of this agreement, at the time of sentencing in this matter, this Office will move to dismiss Counts 1-5 of the Indictment in Criminal No. 22-35 (RBK) against Patel.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain

1

in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Patel even if the applicable statute of limitations period for those charges expires after he signs this agreement, and he agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 18 U.S.C. § 1349 to which Patel agrees to plead guilty carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of: (1) $250,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Patel is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Patel ultimately will receive.

Further, in addition to imposing any other penalty on Patel, as part of the sentence, the sentencing judge:

(1)  will order Patel to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2)  must order Patel to pay restitution pursuant to 18 U.S.C. § 3663, *et seq.*;

(3)  may order Patel, pursuant to 18 U.S.C. § 3555, to give reasonable notice and explanation of the conviction to any victims of his offense;

(4)  must order forfeiture, pursuant to 18 U.S.C. § 982(a)(7);

(5)  pursuant to 18 U.S.C. § 3583, may require Patel to serve a term of release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should Patel be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, he may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of

imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution

Pursuant to the Victim and Witness Protection Act, 18 U.S.C. § 3663, Patel agrees to pay full restitution to the victims of the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying that offense in an amount that fully compensates the victims for the losses sustained as a result of those offenses. The parties reserve their rights to present their respective arguments regarding the restitution amount at sentencing. This Office will take the position that the restitution amount is at least $3,426,319.02.

Forfeiture

As part of his acceptance of responsibility, Patel agrees to forfeit to the United States of America, pursuant to 18 U.S.C. § 982(a)(7), all property, real or personal, he obtained that constitutes or was derived, directly and indirectly, from gross proceeds traceable to the violation of 18 U.S.C. § 1349 charged in the Superseding Information and all property traceable to such property.

Patel waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Patel understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) at the guilty plea proceeding. Patel waives all constitutional, statutory, and other challenges to the forfeiture on all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. Patel further understands that he has no right to demand that any forfeiture of his assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

Patel further agrees that, not later than the date he enters the guilty plea, he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If he fails to do so, or if this Office determines that Patel has intentionally failed to disclose assets on the Financial Disclosure Statement, that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

SCP

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Patel by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. This Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Patel's activities and relevant conduct with respect to this case.

Stipulations

This Office and Patel will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and Patel waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

Immigration Consequences

Patel understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in him being subject to immigration

proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Patel understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Patel wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Patel understands that he is bound by this guilty plea regardless of any immigration consequences. Accordingly, Patel waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Patel also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Patel. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude Patel from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

\* \* \*

No Other Promises

This agreement constitutes the entire plea agreement between Patel and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Sincerely,

*/s/ Christina O. Hud*

_____
CHRISTINA O. HUD
R. DAVID WALK, JR.
DANIEL A. FRIEDMAN
Assistant U.S. Attorneys
United States Attorney's Office
District of New Jersey

APPROVED:

*/s/ Jason M. Richardson*

_____
JASON M. RICHARDSON
Attorney-in-Charge, Camden Vicinage
United States Attorney's Office
District of New Jersey

...

I have received this letter from my attorney, Mary E. Toscano, Esquire. I have read this letter. My attorney and I have discussed the letter and all of its provisions, including the provisions addressing the charge, sentencing, restitution, forfeiture, the stipulations, waiver, and immigration consequences. I understand the letter fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____           _____1/26/2023_____
SAURABH PATEL                              DATE
*Defendant*

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, restitution, forfeiture, the stipulations, waiver, and immigration consequences. My client understands the letter fully and wants to plead guilty pursuant to this plea agreement.

_____           _____1.26.23_____
MARY E. TOSCANO, ESQ.                      DATE
*Defense Counsel*

## Plea Agreement with Saurabh Patel
## SCHEDULE A

1.      This Office and Saurabh Patel recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2.      The version of the United States Sentencing Guidelines effective November 1, 2021 applies in this case.

3.      The applicable guideline is U.S.S.G. § 2B1.1. This guideline carries a Base Offense Level of 6.

4.      The parties do not agree as to the applicability of U.S.S.G. § 2B1.1(b)(1). This Office will argue that Patel's offense involved a loss of $3,426,319.02. This Office will further take the position that, because the losses total more than $1,500,000 but not more than $3,500,000, this results in an increase of 16 levels. *See* U.S.S.G. § 2B1.1(b)(1)(I). The defense disputes the loss amount. Both parties reserve their right to argue their respective positions at sentencing.

5.      The parties do not agree as to the applicability of U.S.S.G. § 2B1.1(b)(7). The Government's position is that Patel committed a Federal health care offense involving a Government health care program and that there was a loss of more than $1,000,000 to a Government health care program, which results in an increase of 2 levels. Patel's position is that U.S.S.G. § 2B1.1(b)(7) may not apply depending on the total loss amount. Both parties reserve their right to argue their respective positions at sentencing.

6.      The parties do not agree as to the applicability of U.S.S.G. § 3B1.2. Patel's position is that he is a minor participant pursuant to U.S.S.G. § 3B1.2(b) and that, as a result, he is entitled to a 2-level reduction. The Government's position is that the Patel does not warrant a mitigating role adjustment and that, in turn, his offense level should not be decreased by 2 levels. Both parties reserve their right to argue their respective positions at sentencing.

7.      The parties agree that, because Patel abused a position of trust or used a special skill in a manner that significantly facilitated the commission of the offense, this Specific Offense Characteristic results in an increase of 2 levels. *See* U.S.S.G. § 3B1.3.

### ACCEPTANCE OF RESPONSIBILITY

8.      As of the date of this letter, Patel has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is

*ScP*

appropriate if Patel's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

9. As of the date of this letter, Patel has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Patel's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Patel enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that Patel's acceptance of responsibility has continued through the date of sentencing and Patel therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Patel's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

10. Each party agrees not to advocate for any upward or downward adjustment or departure from the Guidelines range resulting from: (a) the Total Offense Level that applies after the sentencing judge resolves the open Guidelines issues noted above, and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance. But each party may seek a variance from that Guidelines range, which the other party may oppose.

11. If the term of imprisonment does not exceed 6 months, and except as specified in the next paragraph below, Patel will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 46 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

12. Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

    (a)    Any proceeding to revoke the term of supervised release.

(b)     A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(c)     An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

*SP*